| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>Peter H. Zaret dba Peter Zaret & Sons Violins, Inc.,<br><br>         Plaintiff,<br> -against-<br><br>David Bonsey, D. Bonsey, Inc. aka New York Violin Consulting Inc., Florian Leonhard, Florian Leonhard Fine Violins, Inc., Peter Horner, Brompton's Auctioneers Limited, Charles Beare OBE, Beare Violins Limited, Joe W. Robson,<br><br>         Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _11/14/2023__<br><br><br>22 Civ. 7109 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

  On August 19, 2022, Plaintiff, Peter H. Zaret d/b/a Peter Zaret & Sons Violins, Inc. ("Zaret"), filed this product disparagement action against Defendants David Bonsey, D. Bonsey, Inc. a/k/a New York Violin Consulting Inc., Florian Leonhard, Florian Leonhard Fine Violins, Inc., Peter Horner, Brompton's Auctioneers Limited, Charles Beare OBE, Beare Violins Limited, and Joe W. Robson. On September 28, 2023, the Court dismissed Zaret's product disparagement claim against all Defendants (the "Order"). *Zaret v. Bonsey*, No. 22 Civ. 7109, 2023 WL 6317956 (S.D.N.Y. Sept. 28, 2023). Plaintiff now moves for reconsideration of that decision pursuant to Local Civil Rule 6.3. Pl. Mot. at 1, ECF No. 122. For the reasons stated below, the motion is DENIED.

  I.  <u>Legal Standard</u>

  Plaintiff brings his motion for reconsideration under Local Civil Rule 6.3. Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion . . . shall be served with . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Thus, "to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked

controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer*, 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the court's decision." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. And motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. & Customs Enf't*, No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017).

II. Discussion

Zaret asks the Court to reconsider the Order on the grounds that the Court "overlooked Plaintiff's claim for mitigation of loss damages of $13,339.70" and never ruled on whether "this specie of special damage[s] was insufficiently pled, non-specific or lacking pecuniary value." Pl. Mot. at 2. Zaret pleaded these damages in Paragraph 116 of the Second Amended Complaint ("SAC"):

> Plaintiff incurred significant mitigation-of-loss expenses, including but not limited to, airfare, ground transportation and lodging approximating $12,677.54, transporting the instrument to Beare Violins Ltd. in the UK and retrieving it (July-August 2022), and at Beare's suggestion, has paid for John Topham's involvement, report (July 2022) $662.16.

ECF No. 60 ¶ 116.

First, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257; *see also R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (applying *Shrader* to a motion for reconsideration under Local Civil Rule 6.3). Plaintiff neither offers new facts nor cites controlling caselaw that

would alter the disposition of the case.  In support of reconsideration, Zaret again cites *Charles Atlas, Ltd. v. Time-Life Books, Inc.*, 570 F. Supp. 150 (S.D.N.Y. 1983).  *See* Pl. Mot. at 2–3; Pl. Reply at 6–7, ECF. No. 127.  But as the Court explained in its original Order, *Atlas* is at best a "narrow exception" to New York law, "cabined by [its] facts" and distinguishable from the instant case.  Order at 8–9 & n.7 (citation omitted).  Plaintiff's reconsideration submissions do not persuade the Court otherwise.

  Second, Plaintiff admits that he incurred the alleged mitigation damages in 2022 "[i]n an effort to resolve this matter without litigation."  Pl. Reply at 7; *see also* SAC ¶ 94 n.11.  Expenses incurred in connection with a settlement are not damages and, therefore, cannot be recovered.  *See Schueler v. Roman Asphalt Corp.*, 827 F. Supp. 247, 257 (S.D.N.Y. 1993).  Even under *Atlas*, there is no basis for compensation for such expenses.  The *Atlas* court explicitly declined to rule on whether legal expenses could be considered as part of special damages, *see* 570 F. Supp. at 156–57, and Plaintiff's mitigation damages, which included expenses incurred in "serv[ing] a draft complaint on defendants," SAC ¶ 94 n.11, are more akin to legal fees and costs than anything else.

  Lastly, "[t]here can be no duty to mitigate damages until the injury causing those damages actually occurs."  *Betances v. Fischer*, No. 11-CV-3200, 2023 WL 2609133, at *3 (S.D.N.Y. Mar. 23, 2023) (quoting *Miller v. Lovett,* 879 F.2d 1066, 1071 (2d Cir. 1989)); *see Ridgeview Partners, LLC v. Entwistle*, 354 F. Supp. 2d 395, 403 (S.D.N.Y. 2005).  Plaintiff is not entitled to the costs incurred in mitigating an alleged harm when no such harm has occurred.  As the Court made no finding of special damages, Order at 6–9, there is no harm requiring mitigation.  Zaret, therefore, cannot claim a right to $13,339.70, the alleged cost of mitigation.

For these reasons, Zaret's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 122.

SO ORDERED.

Dated: November 14, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge